**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00971-REB-PAC

MELINDA K. CARNEY,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

     Defendant.

---

MINUTE ORDER[1]

---

**Blackburn, J.**

The matters before are (1) **Plaintiff's Unopposed Motion for Reconsideration of Court's August 21, 2006 Minute Order Denying Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's (1) Motion for Summary Judgment and (2) Motion to Dismiss** [#52], filed August 21, 2006; and (2) **Defendant's Unopposed Motion for Leave to File Motion to Exclude Expert Testimony of Karen Duffala Out of Time** [#48], filed August 18, 2006.  Both motions are GRANTED.  Plaintiff shall have until **September 11, 2006**, to file her responses to defendant's Motion For Summary Judgment [#44] and Motion To Dismiss [#46], both filed August 1, 2006.  Plaintiff also shall have until **September 11, 2006**, to file a response to the Motion To Exclude Expert Testimony of Karen Duffala [# 49], filed August 18, 2006.  The deadline for defendant's replies to these responses will be dictated by **D.C.COLO.LCivR** 7.1C.  I do not grant these motions without reservations, however, and, thus, make the following observations, which the parties should read and heed.

Neither movant has shown good cause for the requested extensions.  Plaintiff's motion for reconsideration merely elaborates on counsel's prior press of business excuse, which expressly does not establish good cause under this court's Practice Standards, regardless of the volume or nature of the other business with which counsel is confronted.  Counsel's admitted failure to have read the most current version of my Practice Standards is no excuse at all, and opposing counsel's co-equal ignorance

---

[1]  This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

thereof adds nothing to the equation.[2]  For its part, defendant bases its request on events that occurred in June and July, 2006, which does not explain why counsel waited more than three months past the deadline for filing Rule 702 motions[3] to request an extension thereof.  The lapse seems particularly egregious given that counsel might have anticipated that the extension of the expert designation deadline could have an impact on the 702 motion deadline, and must have known, certainly by  no later than June 8, 2006, when the expert was deposed, that the original deadline could not be met.

Moreover, the fact that neither party opposes the other's request for an extension of time is irrelevant.  My Practice Standards "have the force and effect of the orders of this court." **REB Civ. Practice Standard** I.A.1.   They are not intended merely as suggestions to the parties, and their willingness to accommodate one another fails to account for the very real inconveniences that their agreements may visit on the court and its calendar, which includes cases other than this one.

Nevertheless, because the requested extensions will not unduly prejudice either party or disrupt the court's calendar in this limited instance, I will grant the present motions.  However, the parties are advised in no uncertain terms that **no further extensions of time, whether unopposed or not, will be granted**.  The parties are further directed to read and thoroughly familiarize themselves with my Practice Standards and conform themselves accordingly.

Dated:  August 22, 2006

------------------------------------------------------------------------------------------------------------------------

---

[2]  For the edification of counsel, I update my Practice Standards every January, and such updated requirements expressly apply to then-pending matters.  (**See REB Civ. Practice Standard** I.A.1.)

[3]  Moreover, contrary to counsel's representation, the deadline for filing of Rule 702 motions was May 10, 2006, *not* May 18, 2006.  (**See** Trial Preparation Conference Order at 2, ¶ 1(b) [#15], filed September 19, 2005.)