IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-00971-REB-PAC

MELINDA K. CARNEY,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

    Defendant.

## ORDER

**Blackburn, J.**

The matters before me are 1) **Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3) Incorporating Legal Authority** [#46], filed August 1, 2006; (2) **Defendant's Motion for Summary Judgment and Brief in Support** [#44], filed August 1, 2006; (3) **Defendant's Motion to Exclude Expert Testimony of Karen Duffala** [#49], filed August 18, 2006; and (4) **Defendant's Objection to Magistrate Judge's Order Granting Plaintiff Leave to Take Depositions Outside the Discovery Deadline** [#67], filed October 3, 2006.  I deny the motion to dismiss, grant the motion for summary judgment, and deny the motion to exclude the expert's testimony and the objection to the magistrate judge's discovery ruling as moot.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(4) (violation of civil rights)

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

Plaintiff is a police officer with the Denver Police Department ("the DPD"). Plaintiff first applied for employment with the DPD in 1991, but her application was denied.  Plaintiff filed a second application on August 5, 1996.  Although plaintiff successfully completed the examination process and was certified for consideration for employment, she was eliminated from consideration under the so-called "Rule of III." Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission on April 5, 1999, and filed her first suit in this court on February 18, 2000, alleging causes of action for race discrimination and retaliation.  The parties settled that case and entered into a settlement agreement, pursuant to which plaintiff submitted an application for employment under a modified hiring procedure and ultimately was appointed to the Denver Police Academy on January 6, 2003.

Within a week of entering the academy, plaintiff injured her Achilles tendon during a physical fitness exercise and was placed on limited duty with restrictions.  She alleges that from the date of that injury on January 12, 2003, until she was released to full duty on May 27, 2003, she was subjected to a campaign of harassment by fellow recruits and academy staff.  The actions of which she complains include "abuse" by fellow recruit, Brian Lang, during several training exercises, allegedly inconsistent discipline and verbal abuse by her supervisors, being required to forfeit her recruit badge when she was unable to complete a fitness test that would have violated her physical restrictions, and having the results of one or more driving tests changed.

On the day plaintiff was released from physical restrictions, she participated in a training exercise designed to help officers practice repel multiple assailants.  Despite

the fact that one of the many restrictions put on the exercise was that female recruits were to be grouped with two other females and one "small stature" male, plaintiff was grouped with only one other female recruit. In addition, one of the two male recruits who participated in plaintiff's group was Lang, who was well over six feet tall and 200 pounds. During the exercise, plaintiff was knocked out of the ring on to the surrounding concrete floor. Although protocol required that the exercise be stopped under those circumstances, it was not. Instead, while plaintiff was attempting to stand, Lang knocked her to the concrete floor again. Plaintiff suffered a severe ankle fracture with attendant cartilage, ligament, and tendon damage as a result of her participation in the exercise. In addition, plaintiff maintains that following her injury, defendant's workers' compensation division interfered with her medical treatment in various ways, such as cancelling prescribed treatments, rejecting recommended procedures, requiring her to undergo independent medical examinations, and pressuring her surgeon to prematurely declare her to be at maximum medical improvement.

Plaintiff asserts causes of action for race discrimination and retaliation under 42 U.S.C. § 1981.[1] Defendant first moves to dismiss this action for lack of subject matter jurisdiction based on an arbitration clause in the parties' original settlement agreement. Whatever the merits of this argument, it is clear that defendant has waived any right to

---

[1] By her response to defendant's motion for summary judgment, plaintiff confirms that she has asserted no cause of action for hostile work environment racial harassment. She concedes also that she cannot prove a claim for violation of her rights to substantive due process under the Fourteenth Amendment, and, therefore, abandons that claim, which I will dismiss with prejudice.

insist on arbitration in this matter.[2]  Despite the fact that defendant's lead counsel himself personally signed the settlement agreement, the allegedly dispositive operation of the arbitration clause was not raised in defendant's answer, or indeed at any time until the present motion to dismiss was filed, some fourteen months after plaintiff initiated this lawsuit.  In the interim, defendant participated in substantial discovery and filed substantive motions.  Plaintiff's counsel represents that he has expended some 370 hours in prosecuting this action and incurred more than $110,000 in attorney's fees and $20,000 in costs.  Under these circumstances, defendant clearly has waived its contractual right to arbitration.  *See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994) (setting forth factors to be considered in determining whether right to insist on arbitration has been waived); *see also Cotton v. Slone*, 4 F.3d 176, 179-80 (2nd Cir. 1993); *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990), *cert. denied*, 111 S.Ct. 677(1991); *National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 775-76 (D.C. Cir. 1987); *Com-Tech Associates v. Computer Association International*, 753 F.Supp. 1078, 1086-87 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2nd Cir. 1991).

Defendant's motion for summary judgment, however, has more traction. Although defendant identifies numerous bases on which it contends plaintiff's claims for race discrimination and retaliation under 42 U.S.C. § 1981 fail, I find one basis to be

---

[2] In its reply brief, defendant insists that its argument is not that plaintiff's claims are subject to arbitration but rather that she has waived those claims by failing to file a timely demand for arbitration under the terms of the contract.  Defendant's motion, however, cannot be fairly read to have raised this argument, but instead clearly insists only that plaintiff's claims are subject to arbitration.  I may not and, thus, do not address issues raised for the first time in a reply brief, *see Liebau v. Columbia Casualty Co.*, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001), and, thus, I will not analyze defendant's arguments in this regard.

dispositive. Because there is no *respondeat superior* liability under section 1981, **see Randle v. City of Aurora**, 69 F.3d 441, 446 n.6 (10th Cir. 1995) (citing **Jett v. Dallas Independent School District**, 491 U.S. 701, 735-36, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989)), defendant cannot be held liable unless plaintiff establishes that an official policy or custom was the moving force behind the alleged violation of her constitutional rights. **Monell v. Department of Social Services of the City of New York**, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978); **Barney v. Pulsipher**, 143 F.3d 1299,1307 & n.4 (10th Cir. 1998). To establish an unofficial custom sufficient to create liability under the civil rights statutes, as plaintiff seeks to do here, she must establish a "longstanding practice . . . which constitutes the standard operating procedure of the local governmental entity." **Jett**, 109 S.Ct. at 2724. This she has not done. Plaintiff's evidence of allegedly discriminatory acts directed against her alone is inadequate to create a genuine issue of material fact on this point. **See Randle**, 69 F.3d at 447.

Seeking to surmount this glaring problem of proof, plaintiff maintains that the fact that black women account for less than one percent of the Denver police force suggests a "pattern and practice" of discrimination within the DPD. Setting aside the clearly inapt reference to "pattern and practice" evidence,[3] and the fact that plaintiff has shown no

---

[3] "Pattern and practice" is a term of art in employment discrimination litigation used to describe a particular type of claim asserted primarily in class actions initiated by the EEOC. **See Herendeen v. Michigan State Police**, 39 F.Supp.2d 899, 904-05 (W.D. Mich. 1999**); Forehand v. Florida State Hospital at Chattachoochee**, 839 F.Supp. 807, 812-13 (N.D. Fla. 1993), **aff'd in relevant part, vacated on other grounds**, 89 F.3d 1562 (11th Cir. 1996). Such cases follow a different paradigm of proof than individual discrimination cases. **See Cooper v. Federal Reserve Bank of Richmond**, 467 U.S. 867, 876, 104 S.Ct. 2794, 2799-800, 81 L.Ed.2d 718 (1984) ("The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding an individual's claim is the reason for a particular employment decision, while at the

basis to believe that she is qualified to interpret the unspecified data underlying this self-undertaken and self serving analysis, there are at least two other problems with these purported statistics. First, because plaintiff is not claiming that she was discriminated against on the basis of her gender, the relevant statistical group is not black females in the DPD, but rather black officers regardless of gender. Second, even if the evidence showed a statistically significant deviation between the number of black officers in the DPD and the number of qualified applicants for the job, which it does not, at best plaintiff's statistics might reveal some disparity in the hiring and promotion of blacks within the department. However, since plaintiff alleges no claim based on a failure to hire or a failure to promote, her statistical evidence is ultimately irrelevant to the claims in this lawsuit.

Plaintiff further attempts to generate a triable fact issue by reference to a discrimination and retaliation charge filed by another officer. Although evidence that at least one other employee has been subjected to the same type of discrimination as the plaintiff may be sufficient to create a fact issue in some cases, **see Melton v. City of Oklahoma City**, 879 F.2d 706, 725 n.26 (10th Cir. 1989), **aff'd in relevant part on reh'g**, 928 F.2d 920 (10th Cir.), **cert. denied**, 112 S.Ct. 296 (1991), there is no apparent similarity between plaintiff's claim of discrimination and that of the officer to whom she seeks to compare herself. That officer alleged national origin discrimination in the failure to promote him, a claim that is not at issue here. Although he also claimed

---

liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking."). Consequently, courts have refused to allow individual plaintiffs to prove individual discrimination by employing the pattern and practice framework. **See Murphy v. PriceWaterhouseCoopers, LLP**, 357 F.Supp.2d 230, 246-47 (D.D.C. 2004); **Herendeen**, 39 F.Supp.2d at 905 (citing cases).

retaliation for complaining of racially hostile comments, there is simply not enough evidence of the particulars of his situation to conclude that the retaliation he allegedly experienced and that to which plaintiff claims to have been subjected were part of a widespread custom of retaliation within the DPD.

Accordingly, plaintiff has failed to show that any discrimination or retaliation she allegedly suffered was pursuant to an official policy or custom sanctioned by defendant. Absent such proof, she cannot make out viable claims against defendant under section 1981.

## IV.  CONCLUSION

Defendant has waived its right to insist on arbitration, and, thus, its motion to dismiss on the basis of the contractual arbitration clause should be denied. Nevertheless, defendant is entitled to summary judgment on plaintiff's substantive claims, as plaintiff has failed to show the existence of an official policy or custom that was the moving force behind the alleged violation of her rights.  Summary judgment for defendant moots its motion to exclude plaintiff's expert's testimony and objection to the magistrate judge's discovery order permitting the taking of preservation depositions.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3) Incorporating Legal Authority** [#46], filed August 1, 2006, is **DENIED**;

2. That **Defendant's Motion for Summary Judgment and Brief in Support** [#44], filed August 1, 2006, is **GRANTED**;

3. That plaintiff's claims for racial discrimination and retaliation under 42 U.S.C.

§ 1981, as well as her claim for violation of her constitutional right to substantive due process, are **DISMISSED WITH PREJUDICE**;

    4. That judgment **SHALL ENTER** on behalf of defendant, The City and County of Denver, and against plaintiff, Melinda K. Carney, as to all claims and causes of action asserted in this lawsuit;

    5. That defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1;

    6. That the Trial Preparation Conference, currently scheduled for November 17, 2006, at 10:00 a.m., as well as the trial, currently scheduled to commence on Monday, December 4, 2006, are **VACATED**;

    7. That **Defendant's Motion to Exclude Expert Testimony of Karen Duffala** [#49], filed August 18, 2006, is **DENIED AS MOOT**;

    8. That **Defendant's Objection to Magistrate Judge's Order Granting Plaintiff Leave to Take Depositions Outside the Discovery Deadline** [#67], filed October 3, 2006, is **DENIED AS MOOT**; and

    9. That any other pending motion not specifically addressed herein is **DENIED AS MOOT**;

    Dated October 10, 2006, at Denver, Colorado.

                            **BY THE COURT:**

                            **s/ Robert E. Blackburn**
                            **Robert E. Blackburn**
                            **United States District Judge**