**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00971-REB-PAC

MELINDA K. CARNEY,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

     Defendant.

---

**ORDER DENYING MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

---

**Blackburn, J.**

The matter before me is defendant's **Motion for Review of Clerk's Taxation of Costs** [#80], filed November 9, 2006.  Defendant claims the Clerk of the Court erred in failing to award certain photocopying charges, court reporter and witness fees, and expenses associated with out-of-state depositions.  I deny the motion.

Allowable costs are delineated under 28 U.S.C. § 1920.  It is defendant's burden, as the prevailing party, to establish that the expenses it seeks to have taxed as costs are authorized by section 1920.  *English v. Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994).  Expenses that are not specifically authorized by the statute are not recoverable as costs.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

Due to this limitation, travel and lodging expenses associated with out-of-state depositions are not recoverable as costs under section 1920. ***See Chaffin v. Kansas***, 2005 WL 387654 at *2 (D. Kan. Feb. 17, 2005); ***Proctor & Gamble Co. V. Haugen***, 2000 WL 337 10906 at *1 (D. Utah Sept. 26, 2000). Similarly, the statute does not authorize the recovery of an expert witness's fee for appearing at a deposition. Although section 1920(3) provides for the recovery of "[f]ees and disbursements for . . . witnesses," that reference pertains only to the statutory witness fee of $40 per day. ***See*** 28 U.S.C. § 1821(b); ***Miller v. Cudahy Co.***, 858 F.2d 1449, 1461 (10th Cir. 1988). ***Griffith***, 157 F.R.D. at 504-05. The Clerk, therefore, did not err in refusing to allow these items as costs.

Section 1920 does provide for the recovery of costs associated with photocopying documents and for stenographic transcripts that they were "necessarily obtained for use in the case." However, defendant has made no effort to show that this standard is met with respect to any of the costs for which it seeks recovery. It has proffered no affidavit, declaration, or any other evidence to substantiate its bare *ipse dixit* that the costs denied were necessarily incurred. In the absence of any evidence to support that conclusion, I cannot find that the Clerk of the Court erred in denying these costs. ***See Wilmshurst v. Carriage Cove Ltd.,*** 2000 WL 33710894 at *4 (D. Utah Apr. 24, 2000); ***Green Construction Co. v. Kansas Power & Light Co.***, 153 F.R.D. 670, 683 (D. Kan. 1994).

**THEREFORE, IT IS ORDERED** that defendant's **Motion for Review of Clerk's Taxation of Costs** [#80], filed November 9, 2006, is **DENIED**.

Dated July 19, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge